Delbert TENNISON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00185–CR.

Court of Appeals of Texas, Texarkana.

Submitted May 13, 1998.

Decided May 14, 1998.

Brad Morin, Marshall, for appellant.

Todd E. Fitts, Asst. District Attorney, Marshall, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Delbert Tennison, Jr. was convicted of the aggravated sexual assault of his seven-year-old daughter. The jury assessed his punishment at fifty years' confinement. We affirm the judgment.

During the guilt/innocence phase of the trial, the State offered a videotaped deposition of Dr. Jerry Jones. Dr. Jones testified that not all sexual abuse victims would have visible physical signs of abuse. Dr. Jones also stated that he had examined the victim some nine or ten months after the alleged abuse, and that he felt that the results of the examination raised suspicions of sexual abuse. The State offered his testimony to contradict evidence given by another doctor who had examined the victim three days after the alleged offense and found no evidence of sexual abuse.

During the punishment phase of the trial, the State offered one witness to give victim impact testimony. The witness described the future treatments that the victim would require in order to overcome the effects of sexual abuse. During this witness's testimony, the State offered a videotape of the victim describing the sexual abuse that Tennison committed. The trial court overruled Tennison's hearsay objection, and the State played the videotape in the presence of the witness and the jury.

Tennison makes two arguments in favor of reversal. First, he complains that the trial court erred in allowing the State to introduce into evidence a videotape of the testimony of Dr. Jerry Jones during the guilt/innocence phase of the trial. He argues that the videotape was not relevant, and in the alternative,

he argues that the videotape's prejudicial value substantially outweighs any probative value. Second, Tennison argues that the trial court erred in allowing the State to introduce a videotape of the victim during the punishment phase of the trial, because the videotape was hearsay.

■ We will first address the videotape admitted during the guilt/innocence phase of the trial. Tennison argues that the videotaped testimony of Dr. Jones was irrelevant. We leave questions of relevance largely to the trial court, relying on its own observations and experiences, and we will not reverse the trial court's decision absent an abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex.Crim.App.1993). Relevant evidence is evidence that has a tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.CRIM. EVID. 401 (Vernon 1997) (now TEX.R. EVID. 401); *Massey v. State*, 933 S.W.2d 141, 154 (Tex.Crim.App.1996). This definition includes two main components. First, the evidence must be material, i.e., that the proposition for which the evidence is offered must be of consequence to the determination of the case. Second, the evidence must be probative, i.e., it must make the existence of the fact more probable or less probable than it would be without the evidence.

■ The main proposition in this case is whether Tennison sexually assaulted the victim. Tennison's evidence was that the victim showed no sign of abuse. The videotape was offered to prove that a child victim of sexual abuse may not have physical signs of abuse. Whether the victim was sexually abused was a material issue in this case. Also, evidence by a doctor that child sexual abuse victims do not always show physical signs of abuse and that the victim in this case could have been sexually abused is probative to the material issue of whether she was sexually abused. The trial court did not abuse its discretion is overruling Tennison's relevancy objection.

■ Tennison also objected to the videotape as being unfairly prejudicial under TEX.R.CRIM. EVID. 403 (Vernon 1997) (now TEX. R. EVID. 403). We review the trial court's decision on a Rule 403 objection under an abuse of discretion standard, and we disturb the trial court's ruling only when the ruling falls outside the zone of reasonable disagreement. *Jones v. State*, 944 S.W.2d 642, 651 (Tex.Crim.App.1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990); *Estrada v. State*, 945 S.W.2d 271, 275 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Rule 403 provides that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R.CRIM. EVID. 403; *Montgomery v. State*, 810 S.W.2d at 392. Rule 403, however, favors the admission of relevant evidence and carries the presumption it will be more probative than prejudicial. *Williams v. State*, 958 S.W.2d 186, 196 (Tex.Crim.App.1997); *Montgomery v. State*, 810 S.W.2d at 389.

■ Tennison argues that the videotape misled and confused the jurors because it allowed them to consider alleged sexual abuse that may have occurred on a date other than that alleged in the indictment. The State counters by stating that the videotape simply stood for the proposition that the victim had been sexually abused and did not suggest a time frame of when the abuse occurred. The failure of the evidence to show a time when the alleged abuse occurred goes to the weight of the evidence rather than to its admissibility. We find no abuse of discretion in admitting the videotape.

■ We will now address the videotape admitted during the punishment phase of the trial. Tennison contends that the trial court erred in allowing a videotape of the victim to be played during the punishment phase of the trial because it was hearsay. The State argues that the videotape was not hearsay because it was not offered to prove the truth of the matter asserted in the video. The State claims that the videotape was shown to allow a witness, the victim's therapist, to comment on the effects the offense might have on the victim, and not for the truth of the matter asserted. Hearsay is not admissi-

ble except as provided by statute or one of the exceptions listed in the rules of evidence. TEX.R.CRIM. EVID. 802 (Vernon 1997) (now TEX.R. EVID. 802). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX.R.CRIM. EVID. 801(d) (now TEX.R. EVID. 801(d)). The declarant was the victim, and she was not testifying at a trial or hearing, so the issue is whether it was offered in evidence to prove the truth of the matter asserted. The matter asserted in the videotape is a description of the sexual abuse that Tennison perpetrated against the victim.

Before the prosecutor introduced the video, he asked the therapist,

Q. Do you feel it will be beneficial for you to hear those details and be able to give an opinion of what you think might—the future might hold for [the victim]?

A. It would be helpful, yes.

Q. And you think it would be helpful for the jury to be able to hear some of those details, to be able to determine how this affected [the victim]?

A. I think it would be, yes.

The videotape was then offered and played to the jury. The videotape was an interview between the victim and an interviewer wherein the victim described the sexual abuse that Tennison perpetrated upon her. After the videotape was played the State continued:

Q. . . . [A]fter viewing that video, have you gained anything that will help you in your work with [the victim]?

A. (No response)

Q. Let me ask you this? Is it important for your work to know exactly what happened to the child?

A. Yes, it is. Right now, I[am] just a little overwhelmed by what I just saw. I'm sorry.

I think that probably—that most important thing that I just saw is the extent of the abuse that she suffered. . . .

We conclude that, in the context of this case, the videotape was offered for the truth of the matter asserted. It was used to inform the therapist and the jury "exactly what happened to the child."

The statement may still be admissible, however, if it comes within an exception found in the statutes or rules of evidence. The videotape was admitted only at the punishment phase of the trial. The Texas Code of Criminal Procedure states:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1998). Thus, the trial court may admit any evidence offered by either the State or the defendant during the punishment phase of a trial so long as the trial court deems the evidence relevant. *Id.* The issue we must decide is whether the statute is limited by Rule 802 of the Rules of Criminal Evidence.

■ Formerly, Article 37.07, § 3(a) of the Texas Code of Criminal Procedure stated that evidence, so long as it is permissible under the rules of evidence, may be offered as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation, and his character. TEX.CODE CRIM. PROC. ANN art. 37.07, § 3(a) (Vernon 1981); *Anderson v. State,* 901 S.W.2d 946, 950 (Tex. Crim.App.1995). The Texas Court of Criminal Appeals interpreted this provision to grant the trial court great latitude in the admission of evidence deemed relevant as long as its admission is otherwise permitted

by the rules of evidence. *See Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App. 1992); *Mock v. State,* 848 S.W.2d 215, 225 (Tex.App.-El Paso 1992, pet. ref'd); *Contreras v. State,* 846 S.W.2d 48, 50 (Tex.App.-Corpus Christi 1992, no pet.). In 1993 the Legislature amended Article 37.07, § 3(a) and deleted the language about "as permitted by the Rules of Evidence." *Compare* pre- and post–1993 versions of TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a).[1] "Under Art. 37.07, § 3(a) [post–1993 version], the Texas Legislature determined that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing." *Mitchell v. State,* 931 S.W.2d 950, 952 (Tex.Crim.App. 1996). Additionally, although the Court of Criminal Appeals is authorized to adopt rules of evidence in criminal cases, those rules may not abridge or enlarge substantive rights and are effective only if not disapproved by the Legislature. TEX. GOV'T CODE ANN. § 22.109 (Vernon 1988). The videotape depicted the victim answering questions and describing the sexual abuse that Tennison committed. This evidence was relevant. In fact, Article 37.07, § 3(a) contains a list of evidence that is considered relevant at the punishment phase of a trial. The list includes "the circumstances of the offense for which [the defendant] is being tried. . . ." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 1998). Consequently, the trial court did not abuse its discretion in admitting the videotape of the victim in the punishment phase of the trial.

The judgment is affirmed.

**1.** Act of May 29, 1989, 71 st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3492; Act of May 27, 1993, 73 rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3759.